Carrie S. Shang (SBN 325387)
ICW Law Corporation
3452 E Foothill Blvd., Suite 322
Pasadena, CA 91107
Telephone: (626) 578-5338
E-mail: carrie.shang@shangadr.site

Brian M. Gargano
Archer & Greiner, P.C.
3040 Post Oak Blvd Ste 1800-150
Houston, TX 77056
Telephone: (713) 970-1066
Email: bgargano@archerlaw.com
*pro hac vice*

Yaou Li
YL International Law Group
10777 Westheimer Rd., Suite 1100
Houston, TX 77042
Telephone: (832) 693-9145
Email: yli@yi-lg.com
*pro hac vice*

Attorneys for Plaintiffs Ningbo Aux Electric Co., Ltd.
and Ningbo Aux Imp. & Exp. Co., Ltd.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

NINGBO AUX ELECTRIC CO. LTD and
NINGBO AUX IMP. & EXP. CO., LTD,

               Plaintiff,

   v.

BEST HOUSEWARE INC., YANLING
SONG, and YUANXI (JACK) HU,

              Defendants.

Case No. 5:24-cv-02697

**PLAINTIFFS' COMPLAINT FOR:**

**(1) TRADEMARK COUNTERFEITING;**

**(2) TRADEMARK INFRINGEMENT**

**(3) FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**

**(4) TRADEMARK DILUTION**

**(5) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**

**(6) UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**

**DEMAND FOR JURY TRIAL**

Plaintiffs Ningbo Aux Electric Co., Ltd. ("AUX EC") and Ningbo Aux Imp. & Exp. Co., Ltd. ("AUX Imp. & Exp.") (collectively "AUX" or "Plaintiffs") by and through its undersigned counsel, brings this action against Defendants Best Houseware Inc. ("BHI"), Yanling Song ("YS"), and Yuanxi (Jack) Hu ("Hu") (collectively "Defendants") and allege the following:

**NATURE OF THE ACTION**

1.   This case concerns Defendants' infringement of AUX's trademarks as well as Defendants' marketing and sale of counterfeit products of what purports to be AUX's air conditioners and AUX licensed accessories. BHI neither manufactures air conditioners nor accessories for air conditioners, and yet BHI markets and sells air conditions and associated accessories utilizing AUX's brand and trademarks, most notably utilizing the website www.auxusa.com ("Website"). Since April 4, 2023, Plaintiffs have neither sanctioned Defendants' marketing and sale of Plaintiffs' products nor Defendants' use of Plaintiffs' brand and trademarks. Since April 4, 2023, the marketing and sale of products by Defendants associating and/or using Plaintiffs' brand and trademarking including the use of the Website violates Plaintiffs' valuable rights in Plaintiffs' trademarks and brand name.  The marketing and sale of counterfeit air conditioners and associated accessories violates Plaintiffs' valuable rights in its brand and trademarks and presents serious health and safety risks to consumers

who will be deceived into purchasing them believing air conditioners and associated accessories is genuine AUX products when they are not as no such counterfeit products are produced by Plaintiffs in accordance with Plaintiffs' strict quality and safety standards. Plaintiffs bring this action to both safeguard and uphold its well-known reputation for high-quality air conditioners and associated accessories as well as protect the safety of consumers.

## THE PARTIES

2.  Plaintiff AUX EC is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at NO.1166 North MingGuang Road, Aux Technology Park, JiangShan Town, Ningbo, Zhejiang, P.R.China. AUX EC is a manufacturer of electronics, most notably air conditioners and associated accessories. AUX EC is Plaintiff Aux Imp. & Exp. Co., Ltd's parent company.

3.  Plaintiff Aux Imp. & Exp. Co., Ltd is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at NO.1166 North MingGuang Road, Aux Technology Park, JiangShan Town, Ningbo, Zhejiang, P.R.China. Aux Imp. & Exp. Co., Ltd is one of AUX EC's multiple subsidiaries. Aux Imp. & Exp. Co., Ltd focus is on the manufacturing and exporting of air conditions world-wide.

4.  Defendant BHI is a corporation organized in December 2017 and operating under the laws of California, with its principal place of business at 1269 W 9th St., Upland, California 91786. BHI was formed for the purpose of serving as Plaintiffs' agent in the U.S. market, most notably to serve as distributor of Plaintiffs' products in the U.S. market.

5.  YS is an individual who resides in the state of California and who can be served at her place of business located at 1269 W 9th St., Upland, California 91786. At all relevant times, YS was and is an owner, shareholder, director, and/or CFO of BHI. At all relevant times, YS directed and or participated in the tortious actions that have harmed Plaintiffs as set

forth herein.

6.    Hu is an individual who resides in the state of California and who can be served at his place of business located at 1269 W 9th St., Upland, California 91786. At all relevant times, Hu was and is an owner, shareholder, director, and/or President of BHI. At all relevant times, Hu directed and or participated in the tortious actions that have harmed Plaintiffs as set forth herein.

## JURISDICTION AND VENUE

7.    This action arises under the Lanham Act, Title 15 of the U.S. Code, Section 1051 et seq., and jurisdiction over the parties and subject matter of this action is proper in this Court under 15 U.S.C. §1121 (actions arising under the Lanham Act), 28 U.S.C. §1331 (actions arising under the laws of the United States), and 28 U.S.C §1338 (actions arising under an Act of Congress relating to trademarks). This Court also has supplemental jurisdiction over Plaintiffs' pendant state law claims under 28 U.S.C. § 1367.

8.    This Court has personal jurisdiction over Defendants because Defendants have purposefully directed their unlawful and damaging commercial activity into the State of California and into this judicial district, and because Defendants unlawful commercial activity in this judicial district has caused damage to Plaintiffs. This Court has personal jurisdiction over the Defendants under at least 28 U.S.C. §1391(b) and (c) in that, upon information and belief, Defendants are domiciled in and are residents of this judicial district and have purposefully availed themselves of the laws of this jurisdiction. As alleged more fully herein, Defendants have marketed, offered for sale, and/or have sold counterfeit products from this jurisdiction and have committed acts of infringement of Plaintiffs' trademarks and falsely advertised from this jurisdiction in marketing and distributing infringing and/counterfeit products throughout the U.S.

- 4 -

9.   The marketing, sale, distribution, and shipment of infringing products has caused damage to Plaintiffs that arises in this district.

10. Under 28 U.S.C. §1391, the United States District Court for the Central District of California is the appropriate venue for this action, because (1) the claims at issue in this litigation arose in this district as a result of Defendants purposeful marketing, distribution, and sale of infringing products from this judicial district, causing damage and injury to Plaintiffs, their brand, and their valuable intellectual property rights and (2) because Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

**A.  Plaintiffs' Trademarks and Brand.**

11. By way of background, AUX was established in 1986 as a limited company by shares, registered in the People's Republic of China. [*See* attached hereto as Exhibit A, Affidavit of Yinbo Yang, at ¶ 3]. AUX has evolved into a global company operating across multiple industries, including home appliances, electrical power equipment, and healthcare. [*Id.*]. AUX has a presence in numerous countries, such as the United States, Brazil, Japan, Australia, Poland, Thailand, and Indonesia, among others. [*Id.*].

12. AUX is a recognized pioneer and leader in the air conditioning industry. [*Id.* at ¶ 4].  Since 1994, the company has consistently invested substantial resources, both manpower and financial, in the research, development, and manufacturing of air conditioning products. [*Id.*]. AUX has also heavily invested in marketing its products and its brand awareness world-wide including the utilization of its website at   https://www.auxcac.cn/   and

PLAINTIFFS' COMPLAINT

https://en.auxgroup.com/.[1]  [*Id.*].

13. AUX's achievements have been widely acknowledged, with the company receiving numerous international awards, and as such, AUX has been recognized for years as a globally renowned brand and an industry benchmark. [*Id.* at ¶ 5, Exhibit 1]. In 2023, AUX produced over seven million air conditioning units. [*Id.* at ¶ 5].

14. AUX began using its current trademarks[2] including **AUX** "Trademark"), in commerce in Asia in 2006 and began using the Trademark in commerce in the U.S. market in 2015. [*Id.* at ¶ 6].

15. On May 2, 2016, AUX submitted an international trademark application for the Trademark to the United States Patent and Trademark Office (USPTO). [*Id.* at ¶ 7, Exhibit 2].

16. The Trademark was successfully registered at the USPTO on December 10, 2024. [*Id.* at ¶ 8, Exhibit 2].

17. Plaintiffs through and utilizing the Defendants as its U.S. agent and distributor began using the trademark AUXUSA including the Website in commerce in the U.S. market in June 2020.  [*Id.* at ¶ 10 ]. Since that time, Plaintiffs have continuously utilized and owned the rights to the trademark AUXUSA.  [*Id.*]

**B.  The Parties' Relationship and the Sales Agreement.**

18. In 2015, AUX and Defendants first discussed a potential collaboration in which BHI could serve as AUX's U.S. agent and distributor in which together they would collaborate to develop the U.S. market for AUX's products. [*Id.* at ¶ 9].

---

[1] *See also* https://en.wikipedia.org/wiki/AUX_(company) and https://ifdesign.com/en/brands-creatives/company/ningbo-aux-electric-co-ltd/14777.
[2] Such trademarks consist of those set forth in Exhibit B, attached hereto.

PLAINTIFFS' COMPLAINT

19. Unbeknownst to AUX, on July 25, 2015, BHI surreptitiously registered the Website using AUX's name: www.auxusa.com. [*Id.* at ¶ 10].

20. On June 3, 2020, AUX Imp. & Exp., a subsidiary of AUX, entered into an Air Conditioner Sales Agreement ("Sales Agreement") with BHI, whereby AUX via AUX Imp. & Exp. appointed BHI as its sales agent for the distribution and sale of AUX manufactured and branded products in the U.S. market. [*Id.* at ¶ 11, Exhibit 4].

21. BHI did not disclose to either Plaintiffs that Defendants had registered the Website. [*Id.* at ¶ 11].

22. Significantly, under the Sales Agreement, BHI explicitly acknowledged AUX's ownership of its trademarks and agreed to obtain written permission before using such marks including but not limited to the Trademark. [*Id.* ¶12, Exhibit 4 at. ]. As such, when Defendants finally informed Plaintiffs that it obtained the domain ww.auxusa.com and intended to utilize the Website and the name/mark AUXUSA for Plaintiffs' benefit to market and distribute Plaintiffs' products under the Sales Agreement, Plaintiffs consented to such use. [*Id.* at ¶ 12].

23. Thus, while the Sales Agreement was in effect, Plaintiffs and BHI worked together to market AUX's products and establish AUX's brand awareness in the U.S. market including the use of the Trademark, the Website, and the name/mark AUXUSA. [*Id.* at ¶ 13].

24. On April 3, 2023, the Sales Agreement expired and was not renewed. [*Id.* ¶14]

25. Following the expiration, AUX decided to discontinue its collaboration with BHI and sought new partners to better promote its products in the U.S. [*Id.*].

26. Accordingly, all rights and license permitting Defendants to use Plaintiffs' brand and trademarks were terminated as of April 4, 2023. [*Id.* at ¶ 14].

C. **Defendants' Infringing Activities and Unlawful Conduct.**

27. Despite the fact that the Sales Agreement expired and terminated, Defendants

continued to use the Trademark, the Website, and the name/mark AUXUSA without Plaintiffs' permission, knowledge, and consent.

28. On or about October 17, 2023, AUX requested that BHI refrain from using its name in the Website's domain name. [*Id.* at ¶ 15,  Exhibit 5]. However, BHI declined the request, leading to a rapid deterioration in the relationship between the parties. [*Id.* at ¶ 15].

29. Despite requests from AUX for BHI to cease using the Website bearing AUX's name, trademarks including the Trademark, BHI has completely ignored these demands. [*Id.* at ¶ 16].

30. To date, BHI continues to use Plaintiffs' trademarks including but not limited to the Trademark on the Website. [*Id.* at ¶ 17,  Exhibit 6].

31. Even more concerning, despite AUX's requests, BHI continues to make false and misleading claims, misrepresenting itself as the general agent of AUX and asserting that it operates 30 direct online sales outlets on behalf of AUX in the U.S. on the Website. [*Id.* at ¶ 18, Exhibit 7]. As a result, consumers in the U.S. are being confused and deceived as they believe they are getting legally licensed and genuine AUX's products. [*Id.* at ¶ 18].

32. AUX has learned that BHI has disseminated incorrect contact information for AUX on the Website, including an inaccurate address, telephone number, and email address, in what is a willful and malicious attempt to divert business away from AUX to BHI and BHI's new supplier which is currently unknown. [*Id.* at ¶ 19,  Exhibit 8].

33. AUX has recently learned that BHI has and continues mislead consumers by falsely representing and selling non-AUX equipment as authentic AUX products. For instance, the air conditioner remote shown in Exhibit C was not manufactured by AUX; however, BHI markets and sells the remote as an "AUX/BHI" product. [*Id.* at ¶20 ,  Exhibit 9].

PLAINTIFFS' COMPLAINT

34. To protect AUX's trademark and intellectual property rights, AUX, through its legal counsel, sent a formal letter to BHI on October 14, 2024, demanding BHI to 1) immediately cease and desist from any and all infringing actions; and 2) either cancel or contact AUX to transfer the auxusa.com domain. [*Id.* at ¶ 21,  Exhibit 10].

35. BHI neither responded to the letter nor did BHI cease its misconduct. [*Id.*  ¶22 ].

36. Instead of addressing the letter from AUX's legal counsel, AUX has learned that BHI filed a trademark application for "AUXUSA" on November 17, 2024, falsely claiming to have used the trademark as early as July 25, 2015, despite the terms of the Sales Agreement [*Id.* at ¶23 ,  Exhibit 11]. Plaintiffs have filed a challenge to said application with USPTO.

37. Recently, AUX has received multiple consumer complaints regarding the poor quality of equipment manufactured by BHI but falsely marketed as AUX/BHI products. [*Id.* at ¶24 , Exhibit 12]. BHI's willful misconduct has and is resulting in significant damage to AUX's reputation and brand goodwill. [*Id.*].

38. BHI's latest actions constitute a willful scheme to divest and steal consumers from AUX to itself by disseminating incorrect contact information for AUX on the Website and preventing AUX customers from reaching out. [*Id.* at ¶ 25].  As a result, BHI's misconduct has and continues to cause significant harm to AUX's relationships with its customers. [*Id.* ].

39. More importantly, BHI's false misrepresentation on the Website that it serves as AUX's general agent has discouraged and prevented other parties from partnering with AUX, even as AUX actively seeks to expand its presence in the U.S. market. [*Id.* at ¶ 27, Exhibit 13]. As such, BHI's misconduct has had, and continues to have, a severe negative impact on AUX's business operations in the U.S and is causing AUX irreparable harm. [*Id.*].

40. Having heard no response whatsoever from Defendants, on December 17, 2024, AUX, through its counsel, sent a follow-up demand letter to BHI, reaffirming the prior

termination of the Agreement and the cessation of any business relationship or collaboration with BHI. [*Id.* at ¶28 , Exhibit 14].

41. In said letter, AUX demanded that BHI: 1) immediately cease and desist from any and all infringing actions and provide proof and a sworn statement evidencing the same; 2) immediately cancel or contact AUX's counsel to transfer the auxusa.com domain and website to AUX; 3) produce to AUX's counsel all documents showing all sales and payments received associated with such sales BHI has made since January 1, 2023 to the present including those associated with the Website; and 4) withdraw the frivolous and malicious trademark application with the USPTO for the AUXUSA mark with proof of the same. [*Id.*]

42. To date, Defendants have failed to take any actions to remedy its misconduct and the irreparable harm such conduct has rendered and shall continue to render upon Plaintiffs. As such, Plaintiffs pray for immediate injunctive relief to protect them from irreparable harm and adequate compensation for Defendants' willful and malicious untoward conduct.

**FIRST CLAIM FOR RELIEF**

**(Trademark Counterfeiting, 15 U.S.C. §§ 1114 & 1116)**

**(Against all Defendants)**

43. Plaintiffs repeat and reallege the allegations contained in prior paragraphs as if fully set forth herein.

44. Plaintiffs have continuously used the name AUX and its Trademark in commerce as early as 2006. Moreover, the Trademark (which is federally registered) is in full force and effect, and the trademarks (both registered or recognized at common law) are in full force and effect, and the associated goodwill of business in connection with which Plaintiffs' Trademark and trademarks are used has never been abandoned.

45. Plaintiffs' Trademark and trademarks and the goodwill associated therewith are of

inestimable value to Plaintiffs.

46. Defendants, without authorization from Plaintiffs, have used and are continuing to use spurious designations and associations that are identical to or substantially indistinguishable from Plaintiffs' Trademark and trademarks set forth herein.

47. Defendants were aware of or purposely contrived to avoid learning of the counterfeit and false nature of its use of the Website and the marketing and sale of infringing products, such as non-AUX air conditioners and accessories.

48. The foregoing acts set forth herein of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' use of the Website and the marketing and sale of infringing products are genuine or authorized products of Plaintiffs.

49. Defendants have acted with knowledge of Plaintiffs' ownership of the Trademark and trademarks including AUXUSA with willful blindness of Plaintiffs' rights or with deliberate intention to unfairly benefit from the incalculable goodwill inherent in Plaintiffs' Trademark and trademark.

50. Defendant' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, and Section 34 of the Lanham Act, 15 U.S.C. §1116. These acts were taken at the direction and involvement of YS and Hu.

51. Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

52. Given Defendants' response to Plaintiffs' Letters, Defendants clearly intend to continue their infringing acts, unless restrained by this Court. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

PLAINTIFFS' COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CLAIM FOR RELIEF**

**(Trademark Infringement, 15 U.S.C. §§ 1114)**

**(Against all Defendants)**

53. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-42, 44, 45 as if fully set forth herein.

54. Defendants, without authorization from Plaintiffs, have used and are continuing to use spurious designations that are confusingly similar to Plaintiffs' Trademark and trademarks. Moreover, Defendants have usurped and used without authorization Plaintiffs' AUXUSA mark which under the Sales Agreement is clearly Plaintiffs.

55. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether the Website and Defendants' infringing products originate from, or are affiliated with, sponsored by, or endorsed by Plaintiffs.

56. Given the terms of the Sales Agreement, Defendants have acted with actual knowledge of Plaintiffs' ownership of Plaintiffs' Trademark and trademarks including the name/mark AUXUSA with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

57. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114. These acts were taken at the direction and involvement of YS and Hu.

58. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

59. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(A))

### (Against all Defendants)

60. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-42 as if fully set forth herein.

61. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of utilizing the Website and the infringing products, together with Defendants' use of other indicia associated with Plaintiffs, is intended and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Website and Defendants' infringing products, and is intended to and is likely to cause such parties to erroneously believe that the Website and Defendants' infringing products have been authorized, sponsored, approved, endorsed or licensed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs.

62. The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)). These acts were taken at the direction and involvement of YS and Hu.

63. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

64. Upon information and belief, Defendants intend to continue their infringing acts,

unless restrained by this Court. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution, 15 U.S.C. § 1125(C))

### (Against all Defendants)

65. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-42, 44, 45 as if fully set forth herein.

66. Plaintiffs' registered Trademark and trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition world-wide.

67. Plaintiffs' registered Trademark and trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)).

68. Defendants use of the Website and marketing and sale of the infringing products, without authorization from Plaintiffs, is diluting and tarnishing the distinctive quality of Plaintiffs' registered Trademark and trademarks and is decreasing the capacity of such marks to identify and distinguish Plaintiffs products.

69. Defendants' willful actions have diluted and tarnished the reputation and distinctive quality of the famous Trademark and trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c). These acts were taken at the direction and involvement of YS and Hu.

70. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

71. Defendants intend to continue their infringing acts, unless restrained by this Court. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs has no

- 14 -

1    adequate remedy at law.

2

3                           **FIFTH CLAIM FOR RELIEF**

4

5               **(Unfair Competition, Cal. Bus. & Prof. Code
                                    § 17200)**

6

7                            **(Against all Defendants)**

8          72. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-42, 44, 45

9    as if fully set forth herein.

10         73. Defendants' wrongful conduct, as alleged herein, constitutes unfair, illegal, and

11   fraudulent business practices as defined by California Bus. & Prof. Code § 17200 et seq.

12   Under § 17200, "unfair competition" includes: (i) unlawful, unfair or fraudulent business acts

13   or practices; (ii) unfair, deceptive, untrue or misleading advertising; and (iii) any act

14

15   prohibited by Chapter 1 (commencing with § 17500) of the Business and Professions Code.

16         74. Defendants' unfair competition includes, but is not limited to, the trademark

17   infringement, false advertising, the use of the Website and offering for sale of counterfeit

18

19   products as stated herein.

20         75. Defendants knowingly infringed Plaintiffs' Trademark and trademarks and

21   knowingly and publicly made and disseminated false statements of fact regarding the origin,

22   authenticity, and nature of it's the Website and Defendants' products.

23

24         76. As a proximate result of Defendants' wrongful conduct, Plaintiffs have been and

25   will continue to be damaged in an amount to be determined at trial.

26         77.  Upon information and belief, Defendants has realized, and continues to realize,

27   revenue, profits, and other benefits as a result of their unlawful actions to the detriment of

28   Plaintiffs.

PLAINTIFFS' COMPLAINT

78. Defendants' conduct is causing and, unless Defendants are restrained, will continue to cause irreparable injury Plaintiff for which Plaintiff has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

### (Unfair Competition, California common law)

### (Against all Defendants)

79. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-42, 44, 45 as if fully set forth herein.

80. Defendants' wrongful conduct, as alleged herein, constitutes unfair competition prohibited by California common law.

81. Defendants subjectively, knowingly, and fraudulently used Plaintiffs' Trademark and trademarks to confuse and mislead consumers including but not limited as set forth herein into believing its counterfeit products were actually those or licensed of Plaintiffs.

82. Given the notoriety and quality of Plaintiffs' Trademark and trademarks and brand, consumers were likely to believe the Website and the counterfeit products, were in fact, genuine AUX products or licensed of Plaintiffs.

83. As a proximate result of Defendants' wrongful conduct, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

84. Upon information and belief, Defendants has realized, and continues to realize, revenue, profits, and other benefits as a result of their unlawful actions to the detriment of Plaintiffs.

85. Defendants' conduct is causing and, unless Defendants are restrained, will continue to cause irreparable injury Plaintiff for which Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, AUX prays and respectfully requests that this Court to enter judgment against Defendants as follows:

A.  Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §1114); Section 34 of the Lanham Act (15 U.S.C. §1116); Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)); and (ii) Defendants' actions were willful and done with actual knowledge of and intentional disregard for Plaintiffs' rights.

B.  Granting injunctive relief including but not limited to a temporary restraining order, preliminary injunction, and permanent injunction under Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. §1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

i.    manufacturing, importing, advertising, marketing (including the use of the Website), promoting, supplying, distributing, offering for sale, or selling any products which resemble or bear Plaintiffs' Trademarks and trademarks or any other mark or design element substantially similar or confusing thereto, including without limitation Website, infringing products, and engaging in any other activity constituting an infringement of any of Plaintiffs' rights in Trademark and trademarks;

ii.  engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiffs; and engaging in any other activity that will cause

- 17 -

PLAINTIFFS' COMPLAINT

the distinctiveness of Plaintiffs' Trademark and trademarks to be diluted, tarnished, or blurred;

C.  Shutting down the Website or transferring the domain www.auxusa.com and Website to Plaintiffs;

D.  Requiring Defendants to recall from any distributors or retailers and to deliver to Plaintiffs for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as the means of making same;

E.  Requiring Defendants to hand over to Plaintiffs any and all documents or information regarding the source, design, manufacture, importation, purchase, sale, or shipment relating to the Website and infringing products, to include all communications, invoices, purchase orders, bank accounts, payment or account records, receipts, acknowledgements, or other documents related to or referencing in any way the Website and infringing products;

F.   Requiring Defendants to file with this Court and serve on Plaintiffs within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.  Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action which has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiffs, or is related in any way with Plaintiffs and/or its products;

H.  Awarding Plaintiffs the maximum amount of statutory damages of $12,000,000, or $2,000,000 per counterfeit mark per type of good, in accordance with Section 35(c) of the

- 18 -

PLAINTIFFS' COMPLAINT

Lanham Act (15 U.S.C. §1ll 7(c));

     I.   Alternatively, ordering Defendants to account to and pay to Plaintiffs all profits realized by their wrongful acts and also awarding Plaintiffs its actual damages, and also directing that such profits and damages be trebled, m accordance with Section 35(b) of the Lanham Act (15 U.S.C. §l 117(b));

     J.   That the Court enter judgment determining that Defendants committed unfair competition under the CAL. BUS. & PROF. CODE § 17200 and the common laws of the State of California and award Plaintiff compensatory and special/consequential damages;

     K.   Awarding Plaintiffs its costs, attorney's fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. §1117), and to declare this an exceptional case within the meaning of the Lanham Act;

     L.   Awarding Plaintiffs prejudgment interest on any monetary award made part of the judgment against Defendants; and

     M. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: December 20, 2024          Respectfully submitted,

                             ICW LAW CORPORATION

                             BY: _____
                                 Carrie S. Shang

Attorney for Plaintiffs Ningbo Aux Electric
Co. Ltd., Ningbo Aux Imp. & Exp. Co. Ltd.
BG and YL, *pro hac vice*

PLAINTIFFS' COMPLAINT